UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-23244-CIV-LENARD/HUNT
(18-20281-CR-LENARD)

FITZGERALD LIGHT,

    Movant

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Movant Fitzgerald Light's Second Amended Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ECF. No. 7. The Honorable Joan A. Lenard previously referred this case to the undersigned United States Magistrate Judge for a report and recommendation regarding disposition of all dispositive motions. *See* ECF No. 26; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, Movant's Memorandum of Law, ECF No. 8, the Government's Response, ECF No. 10, the applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Movant's Motion to Vacate be DENIED.

### I. Background

Movant pleaded guilty to one count of unlawfully encouraging an alien to reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). At his change of plea hearing, Movant admitted that in 2010, he signed a certificate at the Florida Department

of Motor Vehicles stating that Juana Calleja Ojeda, an individual whom he was dating at the time, was a Florida resident living at his address. Because Ms. Ojeda was an undocumented immigrant, Movant used a fake name to establish her identity with the Florida DMV. Movant further admitted at his change of plea hearing that he threatened to have Ms. Ojeda deported from the United States and to have her children taken away from her if she did not end a relationship with another man and continue her relationship with him. Cr-ECF No. 36.  Following his guilty plea, Movant was sentenced to 36 months imprisonment.

In his Motion to Vacate, Movant asserts one claim for ineffective assistance of counsel. He alleges that his counsel was ineffective for misinforming him that the statute of limitations for an offense under 8 U.S.C. § 1324(a)(1)(A)(iv) was ten years, when in fact it was only five years. Movant contends that had his counsel advised him of the correct statute of limitations, he would not have pleaded guilty and would have instead asserted a successful statute-of-limitations defense because the indictment was filed more than five years after he committed his offense.

## II. Legal Standard

A federal prisoner claiming that his or her sentence is unlawful may move the court that imposed the sentence to vacate, set aside, or correct it.  28 U.S.C. § 2255(a). But because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  *See United States v. Frady*, 456 U.S. 152, 165 (1982).  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*,

657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, a district court must find that a § 2255 movant has asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also*

*Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474).

### III. Analysis

Movant asserts one claim for ineffective assistance of counsel. To prevail on an ineffective-assistance-of-counsel claim, Movant must show: (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the guilty plea context, to show prejudice, the movant must establish that, but for counsel's deficient performance, "there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1984).

Here, Movant's ineffective-assistance claim rests solely on his contention that the statute of limitations for his offense was five years, not ten. This contention is incorrect: the statute of limitations for an offense under 8 U.S.C. § 1324(a)(1)(A)(iv) is ten years. *See* 18 U.S.C. § 3298 ("No person shall be prosecuted, tried or punished for any non-capital offense or conspiracy to commit a non-capital offense under . . . section 274(a) of the Immigration and Nationality Act unless the indictment is found or the information is instituted not later than 10 years after the commission of the offense."); *United States v. Romero-Hernandez*, No. 1:16-CR-00430-ELR-LTW-4, 2019 WL 1049764, at *7 (N.D. Ga. Feb. 8, 2019) ("Alien Harboring, defined in 8 U.S.C. § 1324(a)(1)(A)(iv), under section 274(a) of the Immigration and Nationality Act, is governed by a ten-year statute of limitations"); *United States v. Magalnik*, 160 F.Supp.3d 909, 916 (W.D. Va. 2015) (same).

In short, Movant's attorney provided accurate information concerning the statute of limitations for his offense, and the Indictment was returned well within the limitations

4

period.  Accordingly, counsel's performance was not deficient under *Strickland*, and Movant did not receive ineffective assistance of counsel.

### Evidentiary Hearing

The undersigned concludes that Movant is not entitled to an evidentiary hearing because "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]"  28 U.S.C. § 2255(b).

### IV.   Recommendation

Based upon the foregoing, the undersigned hereby RECOMMENDS that Movant's Second Amended Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 be DENIED. The undersigned further RECOMMENDS that pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant be DENIED a certificate of appealabilty because he has failed to make a substantial showing that he was denied a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn,* 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 22nd day of February 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

5

Copies furnished to:
Honorable Joan A. Lenard
Counsel of record via CM/ECF
**Fitzgerald Light**
15396-104
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521