UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23244-CIV-LENARD/HUNT
(Criminal Case No. 18-20281-Cr-Lenard)

**FITZGERALD LIGHT,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

### ORDER ADOPTING REPORT OF THE MAGISTRATE JUDGE (D.E. 27), DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (D.E. 7), DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick M. Hunt, ("Report," D.E. 27),[1] issued February 22, 2021. Movant Fitzgerald Light filed Objections on March 3, 2021, ("Objections," D.E. 28), to which the Government filed a Response on March 9, 2021, ("Response," D.E. 29). Upon review of the Report, Objections, Response, and the record, the Court finds as follows.

**I.    Background**

On April 10, 2018, a Grand Jury sitting in the Southern District of Florida returned an Indictment charging Movant with: unlawfully encouraging an alien to reside in the

---

[1] The Court will cite docket entries in this civil case as "(D.E. [#])," and will cite docket entries in the underlying criminal case as "(Cr-D.E. [#])."

United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), (Count 1); and blackmail in violation of 18 U.S.C. § 873, (Count 2).  (Cr-D.E. 9.)

On July 26, 2018, Movant pled guilty to Count 1 of the Indictment pursuant to a written Plea Agreement, which was supported by a signed Factual Proffer.  (See Minute Entry for Change of Plea Hr'g, Cr-D.E. 33; Plea Agreement, Cr-D.E. 35; Factual Proffer, Cr-D.E. 36.)  As Judge Hunt summarized in his Report:

> At his change of plea hearing, Movant admitted that in 2010, he signed a certificate at the Florida Department of Motor Vehicles stating that Juana Calleja Ojeda, an individual whom he was dating at the time, was a Florida resident living at his address.  Because Ms. Ojeda was an undocumented immigrant, Movant used a fake name to establish her identity with the Florida DMV.  Movant further admitted at his change of plea hearing that he threatened to have Ms. Ojeda deported from the United States and to have her children taken away from her if she did not end a relationship with another man and continue her relationship with him.

(Report at 1-2.)

Prior to sentencing, the United States Probation Office issued a Presentence Investigation Report which calculated Movant's guideline imprisonment range.  (Cr-D.E. 50.)  Based on a total offense level of 7 and a criminal history category of I, Movant's guideline imprisonment range was zero to six months.  (Id. ¶ 72.)  The Government filed a Motion for an Upward Variance based on the nature and circumstances of Movant's offense and his history of abusing women.  (Cr-D.E. 40.)

On December 6, 2018, Movant appeared for sentencing before Chief Judge K. Michael Moore. (Cr-D.E. 55.)  Judge Moore granted the Government's Motion for Upward Variance and sentenced Movant to 36 months' imprisonment to be followed by three years' supervised release.  (Cr-D.E. 55, 57.)  Movant did not file a direct appeal.

On or about July 21, 2019, Movant sent a pro se letter to the Court which the Court construed as a Motion under 28 U.S.C. § 2255. (See D.E. 1.) The Clerk originally assigned this case to Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (D.E. 2.) Judge Reid ordered Movant to file an amended 2255 Motion. (D.E. 4.) Movant filed an Amended 2255 Motion on or about August 19, 2019, (D.E. 5), and filed the operative Second Amended 2255 Motion on or about October 11, 2019, ("Motion," D.E. 7). Movant also filed a Memorandum of Law in Support of his 2255 Motion. (D.E. 8.)

Movant asserts a single claim for ineffective assistance of counsel. (Mot. at 4; Memo. at 1.) Specifically, he argues that his counsel was ineffective for misinforming him that the statute of limitations for an offense under 8 U.S.C. § 1324(a)(1)(A)(iv) was ten years, when in fact it was only five years. (See id.)

    **a.**    **Report and Recommendation**

Judge Hunt found that Movant's claim was meritless because "the statute of limitations for an offense under 8 U.S.C. § 1324(a)(1)(A)(iv) is ten years." (Report at 4 (citing 18 U.S.C. § 3298; United States v. Romero-Hernandez, No. 1:16-CR-00430-ELR-LTW-4, 2019 WL 1049764, at *7 (N.D. Ga. Feb. 8, 2019); United States v. Magalnik, 160 F. Supp. 3d 909, 916 (W.D. Va. 2015)).) As such, Judge Hunt found that "Movant's attorney provided accurate information concerning the statute of limitations for his offense, and the Indictment was returned well within the limitations period." (Id. at 4-5.) Consequently, Judge Hunt found that counsel's performance was not deficient under Strickland, and Movant's claim failed. (Id. at 5.)

3

### b. Objections

In his Objections, Movant argues that the ten-year statute of limitations does not apply to his offense because it "did not involve financial gain from employing or exploiting illegal aliens for income purposes." (Obj. at 1 (citing Magalnik, 160 F. Supp. 3d at 916; Romero-Hernandez, 2019 WL 1049764).) He also appears to argue that the five-year statute of limitations for making a false statement to a naturalization examiner should apply to his offense. (See id. at 1-2.) He also argues that his case is not subject to the ten-year statute of limitations because his offense was not a human trafficking-related offense. (Id. at 2.) In this regard, he appears to argue (for the first time) that applying a ten-year statute of limitations for a human trafficking offense would constitute a constructive amendment of the Indictment. (Id. at 3-4.)

### c. Response

The Government first argues that Movant "has not and cannot point to any case law that supports his claim that the ten-year statute of limitations only applies to the provisions of Section 1324 of Title 8 that involve financial gain." (Resp. at 4.) "To the contrary, Section 3298 of Title 18 explicitly states that it applies to all offenses under Chapter 274(a) of the Immigration and Nationality Act." (Id.) Second, the Government argues that because Movant pleaded guilty to unlawfully encouraging an alien to reside in the United States, the five-year statute of limitations for making a false statement to a passport or naturalization officer does not apply. (Id.) Finally, it argues that "[w]hile the title of the section may refer to "Trafficking-related Offenses," Section 3298 expressly states that the

ten-year statute of limitations applies to violations of Section 274(a) of the Immigration and Nationality Act, which includes the [Movant's] underlying offense." (Id.)

## II. Legal Standards

### a. Report and recommendations

Upon receipt of the Magistrate Judge's Report and Movant's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). The court must conduct a de novo review of any part of the Report that has been "properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de novo determination of those portions of the [R & R] to which objection is made"). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error. See Lombardo v. United States, 222 F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that [i]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citations omitted). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### b.     28 U.S.C. § 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. Pursuant to Section 2255, a prisoner in federal custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. See United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). Thus, relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation marks and citations omitted). If a court finds a claim under Section 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### c.     Ineffective assistance of counsel

Because Movant's claim asserts ineffective assistance of counsel, the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984) applies. "First, the defendant must show that counsel's performance fell below a threshold level of competence. Second, the defendant must show that counsel's errors due to deficient performance prejudiced his defense such that the reliability of the result is undermined." Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986). Under the first prong of the

Strickland test, Movant "must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Under the second prong, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the context of challenging a guilty plea, the petitioner must establish that his counsel's performance was deficient and that a reasonable probability exists that he would not have pleaded guilty but for his counsel's errors. McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1988) (citing Hill v. Lockhart, 474 U.S. 52 (1985)).

If the Court finds that the movant failed to satisfy one prong of the test, it need not address the other. Id. at 697; see also Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013) ("If a defendant fails to satisfy either Strickland prong, we need not address both.") (citations omitted).

## III.  Discussion

Movant objects to Judge Hunt's finding that defense counsel correctly advised Movant that a ten-year statute of limitations applied to his offense. (See Obj. at 1-4.)

Movant pled guilty to Count 1 of the Indictment which charged him with unlawfully encouraging an alien to reside in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). (See Indictment, D.E. 9 at 1; Plea Agreement, D.E. 35 ¶ 1.) Section 1324 is a non-capital offense enacted by Section 274 of the Immigration and Nationality Act ("INA"). See Edwards v. Prime, Inc., 602 F.3d 1276, 1292 (11th Cir. 2010) (observing

that Section 274 of the INA "is codified at 8 U.S.C. § 1324"). Non-capital offenses under Section 274(a) of the INA are subject to a ten-year statute of limitations. 18 U.S.C. § 3298 ("No person shall be prosecuted, tried, or punished for any non-capital offense or conspiracy to commit a non-capital offense . . . under section 274(a) of the Immigration and Nationality Act unless the indictment is found or the information is instituted not later than 10 years after the commission of the offense."). As such, an offense under 8 U.S.C. § 1324(a)(1)(A)(iv) is subject to a ten-year statute of limitations. Romero-Hernandez, 2019 WL 1049764, at *7 ("Alien Harboring, defined in 8 U.S.C. § 1324(a)(1)(A)(iv), under section 274(a) of the Immigration and Nationality Act, is governed by a ten-year statute of limitations.") (citing 18 U.S.C. § 3298); Magalnik, 160 F. Supp. 3d at 916 (finding that offense under 8 U.S.C. § 1324(a)(1)(A)(iii) was subject to ten-year statute of limitations); United States v. Abdi, Criminal Case No. 1:13–cr–484–JEC–RGV, 2014 WL 3828165, at *3 (N.D. Ga. Aug. 4, 2014) (finding that offense under 8 U.S.C. § 1324(a)(1)(A)(iv) "has a ten-year statute of limitations") (citing 18 U.S.C. § 3298).

The Court further finds that an offense under 8 U.S.C. § 1324(a)(1)(A)(iv) need not involve financial gain to be subject to the ten-year statute of limitations. Whether an offense under 8 U.S.C. § 1324(a)(1)(A)(iv) involved financial gain is only relevant to the maximum statutory term of imprisonment, not to the relevant limitations period. See 8 U.S.C. § 1324(a)(1)(B) (providing that an offense under Section 1324(a)(1)(A)(iv) "done for the purpose of commercial advantage or private financial gain" is subject to a maximum of ten years' imprisonment, while an offense under Section 1324(a)(1)(A)(iv) not done for

the purpose of commercial advantage or private financial gain is subject to a maximum of five years' imprisonment).

The Court further finds that because Movant was not charged with or adjudicated guilty of lying to a naturalization examiner, he is not subject to the statute of limitations governing that offense.

Finally, the Court finds that Movant's offense is subject to the ten-year statute of limitations under 18 U.S.C. § 3298 even though his offense was not a "trafficking-related offense." Although Section 3298 is titled "Trafficking-related offenses," it applies, by its plain language, to non-capital offenses "under section 274(a) of the Immigration and Nationality Act[.]"  Because Movant was charged with and adjudicated guilty of a non-capital offense under section 274(a) of the Immigration and Nationality Act, he is subject to the ten-year statute of limitations under 18 U.S.C. § 3298.  See Romero-Hernandez, 2019 WL 1049764, at *7; Magalnik, 160 F. Supp. 3d at 916; Abdi, 2014 WL 3828165, at *3.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge issued February 22, 2021 (D.E. 27) is **ADOPTED**;

2. Movant Fitzgerald Light's Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 7) is **DENIED**;

3. A Certificate of Appealability **SHALL NOT ISSUE**;

4. All pending motions are **DENIED AS MOOT**; and

**5.** This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of March, 2021.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**